Denise **HAYNES**, decedent by her successor in interest Senyah **HAYNES** and A.L.H., a minor by his guardian ad litem Donald Haynes; et al., Plaintiffs–Appellants,

v.

**NATIONAL RAILROAD PASSENGER CORPORATION**, doing business as Amtrak; et al., Defendants–Appellees.

No. 07–56609.

United States Court of Appeals, Ninth Circuit.

---

* Janet Napolitano has been substituted for her predecessor, Michael Chertoff, as Secretary of Homeland Security. Fed. R.App. P. 43(c)(2).

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This order is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 9, 2009.\*

Filed March 12, 2009.

Danielle Casselman, Esquire, Law Offices of Gary S. Casselman, Los Angeles, CA, for Plaintiffs–Appellants.

Selim Mounedji, Esquire, Michael E. Murphy, Esquire, Sims Law Firm, Irvine, CA, for Defendants–Appellees.

Before: HAWKINS, BERZON and CLIFTON, Circuit Judges.

### MEMORANDUM \*\*

Plaintiffs Senyah and Adam Haynes (collectively, the "Haynes"), appeal the adverse grant of summary judgment in this wrongful death action arising from Amtrak's failure to warn of the risk that long-distance train travel can cause deep vein thrombosis ("DVT"). The Haynes argue the district court prejudicially abused its discretion by excluding the expert declaration of Dr. Mark Sanders ("Dr.Sanders"). Reciting the facts only as necessary, we affirm.

Dr. Sanders has extensive qualifications and education in "Human Factors," but that expertise simply does not qualify him to render expert opinions on either (1) the risk that prolonged train travel would cause DVT or (2) the foreseeability of the alleged risk. Dr. Sanders has no expertise in medicine, public health, epidemiology, DVT, or train travel. Nothing in the record demonstrates that he has any independent expertise qualifying him to give an opinion regarding medical causation or foreseeability.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Dr. Sanders's opinion was also properly excluded because his opinion was not "based upon sufficient facts or data" or otherwise "the product of reliable principles and methods." Fed.R.Evid. 702; *see also Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Google search and the CNN. com report, which would both ordinarily be a basis for little more than lay speculation, do not provide an appropriate basis for expert opinion on the reasonable foreseeability of DVT.

The remaining reports Dr. Sanders relied on are also insufficient to support a reliable expert opinion on the foreseeability of DVT risk on trains. First, there is nothing in the record indicating that experts in the field typically rely on these types of reports to formulate expert opinions. Second, experts are properly disqualified if the studies on which they rely merely suggest, without definitely concluding, the truth of a particular assertion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 144–47, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). None of the reports relied on by Dr. Sanders provide clear and direct support for his opinion regarding the foreseeability, in 2003, of DVT risk from train travel, and he has no independent expertise to make that judgment himself. The district court therefore properly excluded Dr. Sanders's expert opinion.

**AFFIRMED.**